**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**WANDA DENISE CONE,**

     **Plaintiff,**

**v.**                               **Case No.:**

**NICHOLAS FINANCIAL, INC.,**

     **Defendant.**

_____/

## COMPLAINT

Plaintiff, WANDA DENISE CONE, hereby sues Defendant, NICHOLAS FINANCIAL, INC. ("Defendant") and files this Complaint, alleging as follows:

### INTRODUCTION

1.    This action is brought under 26 U.S.C. § 7434 and Florida law.

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3.    Defendants' unlawful conduct was committed within the jurisdiction of the Tallahassee Division of the United States District Court for the Northern District of Florida.

4.    Plaintiff has performed all conditions precedent necessary to the maintenance of this action.

5.    Plaintiff is sui generis.

## PARTIES

6.    Plaintiff was a resident and citizen of Leon County, Florida at all times relevant to this action.

7.    At all times pertinent hereto, Defendant: owned and operated a for-profit business incorporated in the State and doing business in multiple states.  It maintained an office, known as Branch 08 or BR-08, in Tallahassee, Florida.  Nicholas Financial, Inc. provided direct consumer loans and purchases installment sales contracts from automobile dealers for used cars and light trucks.  It did so through its operation of a network of sixty-six branch offices in Florida, Georgia, Illinois, Indiana, Ohio, Kansas, Kentucky, North Carolina, South Carolina, Maryland, Michigan, Missouri, Virginia, Alabama and Tennessee. Its software subsidiary, Nicholas Data Services, Inc., designs, develops, supports and sells accounting software to small businesses throughout North America and is the computer automation provider for Nicholas Financial.  It is one of the largest publicly traded specialty consumer finance companies based in the Southeastern states. The Company presently operates 65 branch locations in both the Southeastern and the Midwestern states.  At all times relevant hereto Defendant had revenues in excess of $10 million.

8.    Defendant employed Plaintiff in its Tallahassee branch at al times material hereto.

## FACTUAL BACKGROUND

9.    Plaintiff commenced employment with Defendant as a clerical employee in 2014 at an hourly wage.  During the first several months Defendant paid Plaintiff without

ordinary payroll deductions. At some point during her employment, Defendant began making ordinary payroll deductions from her wages, including income taxes and Social Security taxes. The work Plaintiff performed for Defendant during her employment did not change after Defendant began making ordinary payroll deductions. In other words, she performed the same services from the date of hire through the date of separation.

10.     Plaintiff obtained the job by submitting a job application. Plaintiff did not at any time relevant hereto operate her own business. Defendant determined the hours Plaintiff worked, when Plaintiff would report to work, and when her shift ended. Defendant provided all the tools Plaintiff required to perform services for Defendant. Plaintiff was required to perform the work personally and was never free to send a substitute or helper of equal skill and experience in her place. Defendant trained Plaintiff to perform her work for it.

11.     Plaintiff received her task assignments on a daily basis once she reported to work, and received those assignments from managers and supervisors of Defendant. Plaintiff reported to work and worked inside Defendant's Tallahassee offices. At all times during the period Plaintiff performed work for Defendant, Defendant determined the methods by which Plaintiff's work was performed. Plaintiff was taught and required to contact Defendant's managers if a problem arose and those managers were responsible for resolving them. Plaintiff was required to perform her work within Defendant's offices, was not free to perform the work elsewhere, and did not do so. Plaintiff used computers, chairs,

desks and ordinary office supplies to perform her work for Defendant and all such equipment and supplies were provided by Defendant.

12.    Plaintiff had income taxes and social security withdrawn from his gross pay at some point after her employment began, but for the first several months Defendant paid Plaintiff straight wages without deduction of any kind.   In 2015, Defendant provided Plaintiff an IRS Form 1099-MISC reflecting its treatment of Plaintiff as a purported independent contractor.

13.    For calendar year 2014, Defendant provided Plaintiff with both a W-2 and an IRS Form 1099-MISC.  Both the W-2 and the IRS Form 1099-MISC were knowingly false and willful.

14.    Pertinent to this case, a W-2 form must truthfully report, inter alia, the following:

> (1) the name of such person;
>
> (2) the name of the employee (and his social security account number if wages as defined in section 3121(a) have been paid);
>
> (3) the total amount of wages as defined in section 3401(a);
>
> (4) the total amount deducted and withheld as tax under section 3402.
>
> (5) the total amount of wages as defined in section 3121(a); and
>
> (6) the total amount deducted and withheld as tax under section 3101...

26 U.S.C. § 6051(a).

15.     The W-2 issued to Plaintiff is false and fraudulent regarding "the name of such person" to the extent that Plaintiff worked for Defendant as an employee during 2014.

16.     The W-2 is false and fraudulent regarding the total amount of wages earned by Plaintiff during 2014.

17.     The W-2 is false and fraudulent regarding the total amount of income tax and social security tax withheld during 2014.

18.     Plaintiff worked for Defendant and was never an independent contractor. Defendant willfully, fraudulently and maliciously mischaracterized Plaintiff as an independent contractor to deprive her of the benefits of mandatory contributions by Defendant pertinent to her taxes, and did so at least in part for its own pecuniary gain. Defendant benefited from this fraud, scheme or artifice because it did not pay its proper share of contributions toward Plaintiff's tax obligations as an employee of Defendant.

19.     Defendant controlled and/or had the right to control what Plaintiff did and how Plaintiff did her job.  The business aspects of Plaintiff's  job were controlled by Defendant.

20.     Plaintiff was fired in 2014.

21.     As a result of the unlawful conduct, Plaintiff is subject to self-employment taxes, interest, penalties and legal fees.

22.     Defendants converted monies withheld from Plaintiff's gross pay.

## COUNT I - VIOLATION OF 26 U.S.C. § 7434

23.     Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

24.     Defendant filed a knowingly false W-2 on Plaintiff in an effort to cover up a failure on the part of Defendant to pay over income tax and social security withholdings to the IRS.

25.     Section 7434 provides: "In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing), (2) the costs of the action, and (3) in the court's discretion, reasonable attorneys' fees."

26.     Plaintiff has been damaged by the conduct of Defendant.

WHEREFORE, Plaintiff requests this Honorable Court to:

A.     Grant a judgment requiring Defendant to pay to Plaintiff the greater of $5,000 or the damages proximately caused by Defendants' conduct.

B.     Grant Plaintiff costs and an award of reasonable attorney's fees under Section 7434.

## COUNT II - CONVERSION

27.     Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

28.     Defendant converted monies earned by Plaintiff to his own use by failing to remit withholdings to the United States Treasury or returning the same to Plaintiff.

29.     Plaintiff has been damaged by the conduct of Defendant.

WHEREFORE, Plaintiff requests this Honorable Court to:

A.     Grant a judgment requiring Defendant to pay to Plaintiff compensatory and punitive damages found to be due and owing at the time of trial, and prejudgment interest thereon.

## COUNT III - UNFAIR & DECEPTIVE PRACTICES

30.  Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

31.  This is a claim for violations of Unfair and Deceptive Trade Practices Act.

32.   The actions of Defendant, in misclassifying Plaintiff's employment, are an unfair and deceptive trade practice prohibited by Florida Statutes.

33.     As a direct and proximate result of Defendants' unfair and deceptive trade practices, Parker has suffered damages in an amount in excess of $75,000.00.

WHEREFORE, Plaintiff requests this Honorable Court to:

A.     Grant a judgment against Defendant for damages in excess of $75,000.00, together with interest, costs, attorneys' fees as provided by Fla. Stat. §501.211, and for any and all other relief this Court deems just and proper under the circumstances.

## COUNT IV - DECLARATORY RELIEF

34.  Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

35.  Plaintiff contends that her employment with Pompano was that of an employee and not an independent contractor.

36. There is a bona fide, actual and present need for declaratory between the parties.

37.  Plaintiff seeks a declaration concerning a present, ascertained or ascertainable state of facts and in particular a declaration of whether he was an independent contractor.

38.  An immunity, power, privilege or right of Plaintiff is dependent upon the facts or the law applicable to the facts.

39. Plaintiff has, or is reasonably expected to have, an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law.

40.  The antagonistic and/or adverse interests are before this court by proper process.

41.  The relief sought is not merely for giving of legal advice.

WHEREFORE, Plaintiff demands declaratory judgment and requests damages, together with interest and court costs, and for any and all other and further relief this Court deems just and proper under the circumstances.

### DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury for all claims so triable.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox, Esq.  FBN: 739685
MARIE A.  MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL   32303
Telephone:   (850) 383-4800
Facsimile:    (850) 383-4801
ATTORNEYS FOR PLAINTIFF